IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOSEPH W. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17CV472 |
| | ) | |
| KARA E. POWELL, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Complaint [Doc. #2] filed by Plaintiff Joseph Powell against his ex-wife, Kara Powell, based primarily on child support payments that Plaintiff alleges the state court has ordered him to pay. Both parties are residents of North Carolina. Plaintiff claims violations of his rights under the United States Constitution and various federal statutes, including 42 U.S.C. § 1983. Plaintiff seeks damages and various other forms of relief. For the reasons set out below, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

In conjunction with the Complaint, Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis. "The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees,

however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] In addition, the Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

Plaintiff claims that he and Defendant were married in 2005. They had two children together, separated in 2012, and divorced in 2014. Plaintiff alleges that in July 2013 he "cut regular voluntary funding to" Defendant "which started a continuing series of attacks" upon Plaintiff for money. (Compl. [Doc. #2] ¶ 4(B).) Plaintiff claims that Defendant stole sums of money from him in August 2013 and committed identity theft and fraud against him. (Id. ¶ 4(B-E).) Plaintiff claims that in November 2013, Defendant routed his mail to her address giving her access to his confidential information. Plaintiff describes several court hearings beginning in early 2014 related to his divorce proceedings and child custody disputes. He says that he was arrested on child abuse charges on April 1, 2014, and convicted in July 2014, but that the conviction was later overturned. (Id. ¶ 4(L, M, O).) Plaintiff goes on to describe the child support payments a North Carolina court ordered him to make beginning in late 2015, and his financial difficulties in making those payments. Plaintiff claims that these payments are forcing

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly"s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint).

3

him into "involuntary servitude." Plaintiff recounts further state court proceedings in 2016, including the denial of his motion for recusal of the state judge handling his case.

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim on which relief may be granted. Plaintiff claims that Defendant is violating the federal criminal statutes against peonage and slavery, 18 U.S.C. §§ 1589, 1593, 1593A, 1594, and 1595. (Compl. ¶ 5.) Although a civil remedy is prescribed for violations of these statutes under 18 U.S.C. § 1595, Plaintiff's allegations fail to state any valid claim that he is being subjected to involuntary servitude or slavery. He is simply being ordered by a state court to make child support payments.

With regard to the other criminal statues cited by Plaintiff such as 18 U.S.C. §§ 241 and 242, there is no private right of action under those statutes. See United States v. Oguaju, 76 F. App'x 579, 581 (6th Cir. 2003) ("[T]he district court properly dismissed [plaintiff's] claim pursuant to 18 U.S.C. §§ 241 or 242 because [plaintiff] has no private right of action under either of these criminal statutes."); Davis v. Sarles, 134 F. Supp. 3d 223, 228 (D.D.C. 2015) (same).

In addition, there is no allegation of facts to support an inference that Plaintiff's race or other protected status played a part in the alleged violations of his rights so as to state a claim under 42 U.S.C. § 1981 or 1982.

To the extent that Plaintiff is attempting to appeal or obtain review of the state court judgments ordering him to pay child support, such state court judgments are not subject to review in this Court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Briggman v. Virginia Dep't of Soc.

4

Servs., 526 F. Supp. 2d 590, 600-01 (W.D. Va. 2007) (claim seeking court review of state court child support order barred by Rooker-Feldman doctrine).

Plaintiff also claims that Defendant is liable under 42 U.S.C. § 1983 for violations of his constitutional rights. To state a claim under § 1983, Plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the defendant is "acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). This excludes purely private conduct and requires the defendant to exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49. Plaintiff fails to allege facts from which this Court may infer that his ex-wife was acting under color of state law at any relevant time.

Plaintiff has therefore failed to state a claim upon which relief may be granted, and this action should be dismissed. See Ashcroft, 556 U.S. at 678.

Plaintiff's request to proceed in forma pauperis shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that in forma pauperis status is GRANTED for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted, but without prejudice to Plaintiff asserting any state law claims he may have in state court.

This, the 7th day of June, 2017.

/s/ Joi Elizabeth Peake
United States Magistrate Judge